IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JOYCE ASHCRAFT,<br><br>    Defendant,<br><br>and<br><br>PRINCIPAL LIFE INSURANCE COMPANY,<br><br>    Garnishee. | No. CR04-0088<br><br>REPORT AND RECOMMENDATION |

On the 10th day of April 2012, this matter came on for telephonic hearing on the Objection to Garnishment and Amount Garnished (docket number 75) filed by the Defendant on March 12, 2012.[1] The United States was represented by Assistant United States Attorney Martin J. McLaughlin. Defendant Joyce Ashcraft appeared telephonically and was unrepresented by counsel.

## I. RELEVANT FACTS AND PROCEEDINGS

The facts underlying Ashcraft's objection are generally undisputed. After pleading guilty to two counts of making false statements to government agencies, identity theft, and bank fraud, Ashcraft was sentenced on May 5, 2005 to 108 months of imprisonment,

---

[1] This matter has been referred to the undersigned magistrate judge for a report and recommendation.

1

followed by five years of supervised release. *See* docket number 31. Ashcraft was also ordered to pay a $400 special assessment and restitution in the amount of $134,310.63.[2]

Ashcraft is currently incarcerated at FMC-Carswell in Fort Worth, Texas. Ashcraft testified at the hearing, however, that she expects to be released from custody on May 22, 2012. Her release plan calls for her to live in Pampa, Texas. According to Ashcraft, she has made monthly restitution payments since March 2007. The payments ranged from $80 to $147 per month. The United States has also intercepted Ashcraft's tax refunds. Mr. McLaughlin advised the Court that the current balance owed for restitution is $128,053.33, including a payment received on March 20, 2012.

The dispute in this case involves the United States' ability to garnish payments received by Ashcraft from the Principal Life Insurance Company ("Principal"). As a consequence of a medical condition (asthma) which was aggravated by her employment at Amana Refrigeration, Ashcraft receives a monthly long-term disability payment from Principal. The payments are $702 per month, and are payable until November 2016 when Defendant turns age 65. Pursuant to the garnishment initiated by the United States, Principal has withheld $175.50 from each of the last two monthly payments.[3] Apparently, however, Principal is holding the withheld amounts pending a resolution of Ashcraft's objection to the garnishment.

Prior to her imprisonment, Ashcraft was also receiving social security disability benefits. According to Ashcraft, her benefits were "suspended" during her incarceration, but she expects to start collecting benefits again upon her release. Ashcraft advised the Court that upon receipt of social security disability benefits, her Principal long-term

---

[2] The judgment and sentence were amended on February 3, 2012 in a manner which is not relevant here. *See* docket number 51.

[3] Ashcraft told the Court she has only received $526.50 in each of the last two months, with Principal withholding $176.50. Those amounts total $703 per month. The Court believes it is likely that Principal is withholding $175.50, which is 25% of $702.

2

disability benefits will be reduced. Ashcraft did not know what the reduced monthly benefit would be.

## II. ISSUE PRESENTED

Neither party asserts any procedural defect in the United States filing its application for garnishment or in Ashcraft filing her objection.[4] Rather, the issue is whether Ashcraft's monthly long-term disability benefits are subject to garnishment and, if so, to what extent.

## III. DISCUSSION

A defendant convicted of a crime in federal court may be ordered to make restitution to any victims. *See* 18 U.S.C. §§ 3556 and 3663(a)(1)(A). Here, Ashcraft was ordered to pay restitution in the amount of $134,310.63. An order for restitution may be enforced in the same manner as any civil judgment.[5] Thus, in attempting to collect restitution from Ashcraft, the United States may employ those practices and procedures generally available for the enforcement of a civil judgment.

A court may issue a writ of garnishment against a debtor's property, including nonexempt disposable earnings. *See* 28 U.S.C. § 3205(a). However, not all property is subject to execution. An order of restitution may not be enforced against property exempt from levy for taxes pursuant to § 6334(a) of the Internal Revenue Code. *See* 18 U.S.C. § 3613(a)(1). Furthermore, garnishment of a debtor's disposable earnings is limited by the restrictions found in 15 U.S.C. § 1673(a).

---

[4] The procedures applicable to a writ of garnishment are found at 28 U.S.C. § 3205(c).

[5] "The United States may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. § 3613(a). All provisions available to the United States for the enforcement of a fine are also available for the enforcement of an order of restitution. *See* 18 U.S.C. § 3613(f).

3

Accordingly, a resolution of this issue requires the Court to address several questions: (1) Are monthly long-term disability payments considered "property," subject to execution without limitation? (2) Are monthly long-term disability payments considered "property," but exempt from execution? (3) Are monthly long-term disability payments considered "earnings" which may be garnished, subject to a limitation on the amount? In her objection to the garnishment, Ashcraft implies that the monthly payments are earnings, and subject to the garnishment limitations of 15 U.S.C. § 1673(a). In its resistance, the United States argues that the payments are not earnings, and are subject to execution without limitation.

### A. Are Disability Payments "Earnings"?

I will first address the question of whether Ashcraft's disability benefits are properly considered "earnings." In the Federal Debt Collection Procedure Act, Congress defined "earnings" as follows:

> "Earnings" means compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise, and includes periodic payments pursuant to a pension or retirement program.

28 U.S.C. § 3002(6).[6] Thus, earnings are generally payment for services, and specifically include "periodic payments pursuant to a pension or retirement program." The monthly disability payments received by Ashcraft are not for "services"; indeed, they are paid because Ashcraft is unable to perform any services due to her physical condition. Furthermore, they are not paid pursuant to "a pension or retirement program." The parties have not cited any authority regarding whether disability payments are considered earnings for these purposes, and the Court has found none. It would not appear, however, that disability payments fall within the statutory definition of "earnings."

---

[6] The same definition of "earnings" is found in the Federal Consumer Credit Protection Act. *See* 15 U.S.C. § 1672(a).

4

*If* Ashcraft's monthly disability benefits are considered earnings, then under the circumstances of this case, none of the amount can be garnished. Congress has determined that garnishment may not exceed 25% of the debtor's disposable earnings for that week, or the amount by which the debtor's disposable earnings exceed 30 times the federal minimum hourly wage, whichever is less. *See* 15 U.S.C. § 1673(a). Here, the monthly long-term disability payment ($702) Ashcraft receives from Principal is her only significant income. Accordingly, her disposable earnings may be estimated at $162 per week ($702 x 12 ÷ 52 = $162). The current federal minimum wage is $7.25 per hour. Thirty times that amount is $217.50. That is, Ashcraft's disposable earnings do not exceed 30 times the federal minimum hourly wage. Accordingly, the *lesser* of 25% of her disposable earnings ($40.50) or the amount by which her disposable earnings exceeds 30 times the minimum wage, is zero. Therefore, if Ashcraft's disability benefits are subject to garnishment as earnings, then no amount may be garnished here due to the restrictions found in 15 U.S.C. § 1673(a).[7]

### B. Are Disability Payments "Property"?

Next, the Court considers whether Ashcraft's disability benefits fall within the statutory definition of "property." In the Federal Debt Collection Procedure Act, Congress defined "property" expansively:

> "Property" includes any present or future interest, whether legal or equitable, in real, personal (including choses in action), or mixed property, tangible or mixed property, tangible or intangible, vested or contingent, wherever located and however held (including community property and property held in trust (including spendthrift and pension trusts)), but excludes [certain Indian land].

28 U.S.C. § 3002(12). Here, Ashcraft is entitled to receive monthly benefits from Principal until November 2016 when she turns age 65. While the parties have not cited

---

[7] The exceptions found in § 1673(b) to the restrictions in § 1673(a) are inapplicable here.

any authority directly on point, this right to receive monthly benefits appears to fall within the broad definition of property set forth above.

In support of its argument that the monthly disability payments are "property," and not earnings, the United States cites *Kokoszka v. Belford*, 417 U.S. 642 (1974). There, the Court found that an income tax refund was "property" within the meaning of the Bankruptcy Code and, furthermore, that the limitations on garnishment found in 15 U.S.C. § 1673 (the Consumer Credit Protection Act) did not restrict the trustee's right to treat the tax refund as property of the bankrupt's estate. 417 U.S. at 652. While the Bankruptcy Code has no application here, I will address what is considered "property" for bankruptcy purposes.

The *Kokoszka* Court distinguished its prior decision in *Lines v. Frederick*, 400 U.S. 18 (1970), which held that under the Bankruptcy Code, vacation pay is not "property" which passes to the bankruptcy trustee.

> Petitioner is correct in arguing that both this tax refund and the vacation pay in Lines share the common characteristic of being "wage based." It is also true, however, that only the vacation pay in Lines was designed to function as a wage substitute at some future period and, during that future period, to "support the basic requirements of life for the debtors and their families." This distinction is crucial.

*Kokoszka*, 417 U.S. at 648. In its *per curiam* decision in *Lines*, the Court noted that "it is impossible to give any categorical definition to the word 'property,' nor can we attach to it in certain relations the limitations which would be attached to it in others."[8] *Lines*, 400 U.S. at 19 (quoting *Segal v. Rochelle*, 382 U.S. 375, 379 (1966)).

---

[8] The Bankruptcy Code was substantially rewritten in 1978. Accordingly, the definition of property cited by the Court in *Kokoszka* is different from the definition found in the current Bankruptcy Code. Both versions of the Bankruptcy Code include a broad definition of "property." *Compare* 11 U.S.C. § 110(a)(5) (1974) *with* 11 U.S.C. § 541 (2012).

6

Thus, under the analysis found in *Kokoszka* and *Lines*, a "wage based" asset may be excluded from the bankrupt's estate if it is "designed to function as a wage substitute at some future period." *Kokoszka*, 417 U.S. at 648. Here, the monthly disability benefits received by Ashcraft are intended – given her inability to work – as a "wage substitute." Accordingly, under *Kokoszka* and *Lines*, disability benefits cannot be treated by a bankruptcy trustee as property of the estate. Furthermore, in 1978, the Bankruptcy Code was amended to specifically exempt "certain benefits that are akin to future earnings," including a disability benefit. *See* H.R. Rep. No. 95-595, at 362 (1977), reprinted in 1978 U.S.C.C.A.N. 5963, 6318. It is clear that Ashcraft's disability benefits would be exempt from treatment as "property" for bankruptcy purposes. It must be recalled, however, that while some analogies may be drawn with the circumstances present here, this is not a bankruptcy case and the exemption found in the Bankruptcy Code is inapplicable.

Returning to the facts in this case, I believe that Ashcraft's monthly disability benefits fall within the broad definition of property found in the Federal Debt Collection Procedure Act. *See* 28 U.S.C. § 3002(12). Even if one analogizes to the Bankruptcy Code, a right to receive a disability benefit is "property," albeit subject to exemption.[9] Accordingly, I believe Ashcraft's disability benefits are "property" within the meaning of the Federal Debt Collection Procedure Act.

### C. Are Disability Payments Exempt from Garnishment?

Having concluded that Ashcraft's disability benefits are properly considered "property" rather than "earnings," the Court must determine whether they are nonetheless exempt from execution. An order of restitution cannot be enforced against property which is exempt from levy for tax purposes. *See* 18 U.S.C. § 3613(a)(1). Property which is

---

[9] "The following property may be exempted under subsection (b)(1) of this section: . . . (10) The debtor's right to receive – . . . (C) a disability, illness, or unemployment benefit." 11 U.S.C. § 522(d)(10)(C) (emphasis added).

exempt from levy for taxes includes, among other things, "[a]ny amount payable to an individual as workmen's compensation." 26 U.S.C. § 6334(a)(7).

Workmen's compensation benefits are intended to provide income to an employee who is unable to work due to a work injury. *See generally*, Iowa Code Chapter 85. It is a public program available to all employees. As set forth above, Congress has determined that any amount payable to an individual as workmen's compensation is exempt from execution to satisfy a tax levy and, more importantly here, an order of restitution. *See* 18 U.S.C. § 3613(a)(1) and 26 U.S.C. § 6334(a)(7). Private disability insurance is intended to fill a similar role. Generally, it provides a monthly benefit to an individual who is unable to work for any reason. In listing those items which are exempt from levy, Congress did not include disability benefits. Furthermore, the statute provides that "no property or rights to property shall be exempt from levy other than the property specifically made exempt by subsection (a)." 26 U.S.C. § 6334(c). Accordingly, I believe that Ashcraft's disability benefits are not exempt from execution under 18 U.S.C. § 3613(a)(1) and 26 U.S.C. § 6334(a)(7).

While I believe disability benefits received from a private insurer are not "workmen's compensation" which are exempt from execution, the Court must also consider whether they are subject to the limitations on garnishment found in 15 U.S.C. § 1673 (the Consumer Protection Act).[10] Neither party cites any authority directly on point. In *Kokoszka*, cited by the United States in its resistance, the Court concluded that 15 U.S.C. § 1673 did not restrict the right of a bankruptcy trustee to treat an income tax refund as property of the bankrupt's estate. 417 U.S. at 652.

The United States also cites *United States v. Lee*, 659 F.3d 619 (7th Cir. 2011). There, the defendant was convicted of fraud, money laundering, and perjury, and ordered to pay approximately $1.6 million in restitution. The United States obtained an order

---

[10] As noted earlier, application of the limitations found in 15 U.S.C. § 1673 would prohibit garnishment of any amount of Ashcraft's disability benefits.

8

requiring Lee to turn over payments received from three retirement savings plans provided through his employer. Lee argued that the United States was entitled to no more than 25% of the distributions. "Noting a distinction between wages and assets that originated as wages," the district court concluded that payments received from a retirement plan "are no longer restricted once the money entered the plan and distributions are received." The Seventh Circuit Court of Appeals reversed, finding that the plain language of 15 U.S.C. § 1672(a) included "periodic payments made pursuant to a pension or retirement program" as earnings and, thus, subject to the limitations found in § 1673(a). Here, however, Ashcraft's benefits are not made pursuant to a pension or retirement program.

The statutory language of 15 U.S.C. § 1673(a) limits the amount of an individual's "disposable earnings" which may be subjected to garnishment. As set forth above, I believe Ashcraft's disability benefits do not fall within the statutory definition of "earnings." Nothing in the statute suggests that the limitations found in section 1673(a) applies to property generally, or disability benefits specifically. Accordingly, I conclude that the limitations of section 1673(a) are not applicable here.

### D. Summary

In summary, I believe Ashcraft's monthly disability payments are properly considered "property," rather than "earnings." As such, they are not subject to the restrictions on garnishment found in 15 U.S.C. § 1673(a). Furthermore, they are not exempt from levy as "workmen's compensation" benefits. Congress could have included disability payments in the statutory definition of "earnings," together with pension and retirement payments, but it did not. Congress could have exempted disability payments from levy, as it did with workmen's compensation benefits, but it did not. Accordingly, I respectfully recommend that Ashcraft's objection to garnishment be denied.

## IV. RECOMMENDATION

For the reasons set forth above, I respectfully **RECOMMEND** that the Objection to Garnishment (docket number 75) filed by Defendant be **DENIED**.

The parties are advised, pursuant to 28 U.S.C. § 636(b)(1), that within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections with the district court. *The parties are reminded that pursuant to Local Rule 72.1, "[a] party asserting such objections must arrange promptly for a transcription of all portions of the record the district court judge will need to rule on the objections." Accordingly, if the parties are going to object to this Report and Recommendation, they must promptly order a transcript of the hearing held on April 10, 2012.*

DATED this 24th day of April, 2012.

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA